PER CURIAM.
By way of interlocutory appeal defendant seeks review of the trial court’s order denying its motion to set aside default judgment and final judgment.
On June 20, 1973 plaintiff-appellee, Seaboard Life Insurance Company of America, filed a complaint against the defendant-appellant, Clinica Union Latina, Inc., and demanded therein an accounting and damages for unpaid insurance premiums. Service of process was effected by serving a copy of the complaint on defendant’s vice president, Pedro Mesa, who it is alleged did not inform the other officers of defendant corporation. In September 1974 plaintiff filed a motion for default and a default subsequently was entered. On April 25, 1974 a final hearing was held for the purposes of determining the proper amount for the final judgment. Thereafter, the trial court entered a final judgment in the total sum of $27,989.00 in favor of the plaintiff-appellee. A copy thereof was mailed to the defendant corporation and received by defendant’s president, Rene Marsella, at which time defendant alleges it first became aware of the lawsuit. Thereupon, defendant-appellant filed a motion to set aside default and to stay execution of the final judgment. A hearing was held thereon at which an affidavit of Pedro Mesa was introduced. After hearing oral argument of counsel the *245 trial judge announced that he intended to deny defendant-appellant’s motion to set aside default at which time defendant made an ore tenus motion for an eviden-tiary hearing. Thereafter, the trial court entered the herein appealed order denying defendant’s motions to set aside default and for evidentiary hearing.
The record on appeal in the case sub ju-dice merely consists of the order herein appealed and briefs of respective counsel. An appellate court can not review an order entered by the court below when the record on appeal lacks the very testimony upon which the order is based. Royal Flair, Inc. v. Cape Coral Bank, Fla.App.1971, 251 So.2d 895.
The record on appeal being insufficient, the order herein appealed must be and hereby is affirmed.
Affirmed.